*E-Filed: September 16, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN NICHOLAS VASQUEZ,<br><br>      Plaintiff,<br>  v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>      Defendant.<br>_____/ | No. C11-03715 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**[Re: Docket Nos. 24, 28]** |

      John Nicholas Vasquez appeals a final decision by the Commissioner of Social Security Administration denying his application for Disability Insurance Benefits and Supplemental Security Income pursuant to the Social Security Act. Presently before the court are the parties' cross-motions for summary judgment. The matter is deemed fully briefed and submitted without oral argument. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. Upon consideration of the moving papers, and for the reasons set forth below, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment.

## BACKGROUND

      Plaintiff was born in 1960. Administrative Record ("AR") 52. He previously worked as a security guard/officer and dispatcher and hardware salesperson. AR 52-53. He claims disability based on asthma and arthritis in the forearm and knees. AR 28. In March 2007, Plaintiff

protectively filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act") and Supplemental Security Income ("SSI") payments under Title XVI of the Act. AR 68-71, 115-17, 118-20. Plaintiff alleged disability beginning on March 1, 2006. AR 115, 118. Plaintiff's claims were denied initially and upon reconsideration. AR 72-75, 77-81, 90-91. At his request, he received a hearing before an Administrative Law Judge ("ALJ") on October 30, 2008, where he was represented by counsel and testified on his own behalf. AR 49-67.

The ALJ issued a written decision dated February 24, 2009. AR 26-33. As an initial matter, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2010. AR 28. The ALJ proceeded to evaluate Plaintiff's claim of disability using the five-step sequential evaluation process for disability required under federal regulations. AR 28-32; *see* 20 C.F.R. §§ 404.1520, 416-920. Ultimately, the ALJ found that Plaintiff "has not been under a disability, as defined in the Social Security Act, from March 1, 2006 though the date of this decision [February 24, 2009]." AR 32.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of March 1, 2006. AR 28. At step two, he found that plaintiff had the medically determinable severe impairments of asthma; the residual effects of injuries to the back, ankle, and left upper extremity; neuropathy in the left arm and hand; and degenerative disease of the spine. AR 28. At step three, the ALJ concluded that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 28. Accordingly, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to lift and carry five pounds frequently and ten pounds occasionally with the right upper extremity; he was able to sit for six hours of an eight hour workday; he was able to stand and/or walk for two hours of an eight hour workday; he was limited to occasional fine or gross manipulations with the left upper extremity; and he should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and so forth. AR 31. At step four, the ALJ found that Plaintiff was capable of performing his past relevant work as a security dispatcher. AR 32. Accordingly, the ALJ found that he was not disabled. AR 32.

1   The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became
2   the final decision of the Commissioner. AR 9-13. Plaintiff now seeks judicial review of that
3   decision.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance—it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *accord Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258. "[T]he court will not reverse the decision of the ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

## DISCUSSION

Plaintiff moves for an order either granting summary judgment in favor of Plaintiff holding that Plaintiff was disabled under the Social Security Act, or remanding the case for a new hearing because the final decision of the Commissioner was based on legal error and unsupported by substantial evidence. Specifically, Plaintiff contends that the ALJ erred in (1) improperly evaluating Plaintiff's subjective complaints; (2) improperly determining that Plaintiff could perform his past relevant work; and (3) improperly evaluating the medical evidence regarding Plaintiff's mental health.

///

### A. Subjective Complaints

Plaintiff testified that he experienced pain in his back, legs, and left arm/hand, with limited use of these areas, as well as difficulty breathing. AR 52-65. On forms he completed about his symptoms, Plaintiff complained of similar pains and limitations. AR 152, 156-57, 164-66, 175-76, 195. Moreover, Plaintiff testified that he attempted to work after April 2006, but was unable to do so. AR 54. Plaintiff argues that the ALJ failed to find "clear and convincing reasons" for discounting Plaintiff's symptom-reporting. According to Plaintiff, if these statements about his symptoms, limitations, and difficulties had been properly credited, Plaintiff would have been found disabled.

Congress has prohibited granting disability benefits based on a claimant's subjective complaints. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(a). "An ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). An ALJ is required to make specific credibility findings. *See* SSR 96-7p, 1996 WL 374186 (July 2, 1996). The credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that he did not "arbitrarily discredit" a claimant's subjective testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958 (C.D. Cal. 2009).

Here, the ALJ provided a valid basis for not fully crediting Plaintiff's allegations, and his reasons are supported by substantial evidence. The ALJ found that there were discrepancies between Plaintiff's assertions and the degree of consistent medical treatment, including medications, Plaintiff sought and obtained. AR 32. The ALJ found discrepancies between Plaintiff's subjective complaints and the diagnostic tests and findings made on examination, as well as the reports of the various treating and examining physicians. AR 32. The ALJ concluded that Plaintiff's allegations regarding the intensity, persistence, and limiting effects of his symptoms were not well supported by probative evidence and not fully credible. AR 32.

The ALJ's credibility determination is supported by substantial evidence. There were inconsistencies between Plaintiff's complaints and the degree of medical treatment he sought. *See* SSR 96-7p; *see also Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (ALJ may properly rely

on "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" when assessing a claimant's credibility (internal quotation marks omitted)). Although Plaintiff alleged disability beginning on March 1, 2006 due to asthma and arthritis in the forearm and knees, he appears to have sought only minimal treatment prior to his alleged onset date, as there are few medical records prior to that date. The record indicates that Plaintiff sought treatment at the end of 2004 for asthma, a cough, cold sores, and anxiety. AR 367-70. In December 2005, he sought treatment for pneumonia. AR 239-40. He was discharged and released to work on January 9, 2006, with some follow-up appointment for the next month. AR 28-29, 344-48. Although Plaintiff alleges he became disabled less than two months later, he does not point to any specific event which would support a finding that his condition became disabling at that time, nor does the record support such a finding.

Moreover, despite complaints of severe back pain, the ALJ noted during the hearing that Plaintiff had not had any back x-rays or MRI's for several years. AR 56. Plaintiff's attorney noted that Plaintiff had not had any lumbar x-rays or plain films in at least 20 years. AR 65-66. This failure to seek medical treatment is inconsistent with the expected behavior of someone in severe pain.

In addition, although Plaintiff claims to have suffered from depression starting in June 2007, he did not provide any records indicating that he sought any mental health treatment. AR 195-97. A letter from Licensed Clinical Social Worker Susan M. Weisberg, dated June 2008, states Plaintiff reported feeling depressed and anxious after his mother passed away and requested that Plaintiff's hearing be expedited so that he could plan for the future. AR 30, 363. In 2004, Plaintiff reported having anxiety, but he denied being depressed. AR 368. Although his physician suggested that he seek psychiatric help, it does not appear that he sought or received any mental health treatment. AR 368.

Moreover, Plaintiff's subjective complaints were inconsistent with the objective medical evidence of record. "Although lack of medical evidence cannot form the sole basis" for discounting testimony, the ALJ may consider it as a factor in his credibility analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2000). "An individual's statement as to pain or other symptoms shall not

1  alone be conclusive evidence of disability as defined in this section . . . .  Objective medical
2  evidence of pain or other symptoms established by medically acceptable clinical or laboratory
3  techniques . . . must be considered." *See* 42 U.S.C. § 423(d)(5)(A).

4     In June 2007, examining physician Sydney C. Choslovsky, M.D., reported that Plaintiff had
5  a reduced range of motion of the right ankle and was unable to extend his left elbow to 180 degrees.
6  AR 260-61.  However, he also reported that Plaintiff had a normal gait, could crouch, stoop, and
7  fully bend at the waist, had a full range of motion of his knees with no abnormality detected, and
8  could fully elevate his arms to his shoulders.  AR 260-61.  He opined that Plaintiff could perform a
9  range of sedentary work.  AR 261.

10    The ALJ also noted that Plaintiff's June 2007 pulmonary test suggested a mild restrictive
11 ventilator defect, a July 2008 chest x-ray showed no acute disease, and a July 2008 catheterization
12 report revealed normal coronaries and preserved left ventricle function, while an August 2008
13 persantine stress test revealed no remarkable EKG changes, and no ischemia or infarct.  AR 29, 281,
14 383-84, 408, 411-12, 417, 455.  The ALJ noted that Plaintiff's July 2007 x-ray of the right ankle
15 revealed no new fractures or dislocations, and Plaintiff could walk without difficulty in September
16 2007.  AR 29, 289-90.  In regards to his back, in November 2008, Plaintiff had no obvious spasms
17 and only mild tenderness in the lumbar region, and Plaintiff was able to walk and had no weakness.
18 AR 30, 451.  In regards to his mental health, Plaintiff's September 2007 treatment records state that
19 Plaintiff's mental status examination revealed that Plaintiff was alert, oriented times three, had clear
20 speech and a normal affect, and responded appropriately to questions.  AR 289-90, 300.

21    After considering the entire record, the ALJ reasonably found that Plaintiff was not credible.
22 This finding is supported by substantial evidence in the record.

23 **B. Ability to Perform Past Relevant Work**

24    The ALJ found that Plaintiff's RFC included limitations to "sedentary" work and to
25 "occasional" left wrist functions.  According to Plaintiff, however, the Dictionary of Occupational
26 Titles ("DOT") provides that dispatcher jobs require more than that—"frequent" hand functions,

6

and/or ability to perform "light" exertion work-tasks. Plaintiff argues that the description of "security dispatcher" in the DOT is inconsistent with the ALJ's RFC finding.[1]

If an individual can perform his or her past work as he or she actually performed it or as generally performed in the economy, the individual will not be found disabled. *See* 20 C.F.R. 404.1560(b)(2); 20 C.F.R. 404.1520(f); SSR 82-61, 1982 WL 31387 (Jan. 1, 1982). Vocational experts may offer relevant evidence within their expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, as actually or generally performed. *See* 20 C.F.R. § 404.1560(b)(2). They may also offer expert opinion testimony on whether a hypothetical individual can meet the demands of the claimant's previous work, as actually or generally performed. *Id.*

Here, the vocational expert testified that he considered both Plaintiff's testimony, which included statements regarding his past relevant work, and exhibits in the file such as forms Plaintiff completed regarding his work history. AR 61, 153-54, 167-74. The vocational expert testified that a hypothetical individual with Plaintiff's age, education, prior relevant work, and RFC could perform Plaintiff's past relevant work as a security dispatcher. AR 62. Plaintiff, therefore, could perform his work as actually performed, regardless of the description of the dispatcher position in the DOT.

The ALJ did not rely on an improper comparison in making his determination, but rather relied on the testimony of a vocational expert. This reliance on the vocational expert's testimony in finding that Plaintiff could perform his past work is proper. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2010).

**C. Mental Health**

The ALJ found that "[t]he claimant has no longitudinal record of mental health care. Accordingly, the undersigned finds that the claimant has no restrictions of the activities of daily living; no difficulties in maintaining social functioning; no difficulties in maintaining concentration,

---

[1] Plaintiff argues for the first time in his reply brief that Plaintiff's dispatcher job did not qualify as substantial gainful activity because of his low earnings, and was therefore not past relevant work which the ALJ could rely on in finding him not disabled at step 4. Because Plaintiff did not raise this argument in his opening brief, it is waived. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

7

1 persistence, or pace; and, no history of episodes of decompensation. As the claimant's mental
2 impairments cause minimal, if any, limitations, such mental impairments (if any) are considered to
3 be 'non-severe'." AR 31. Pointing to AR 458-62, Plaintiff argues that the medical evidence of
4 Plaintiff's state of mental health showed that Plaintiff had a diagnosis of major depressive disorder,
5 and this evidence was dismissed by the ALJ.

6 Plaintiff bases his argument on records that were not before the ALJ, but rather were
7 submitted for the first time to the Appeals Council. The ALJ's decision is dated February 24, 2009.
8 Plaintiff's attorney submitted these records to the Appeals Council and stated that these were new
9 psychiatric records, dated February 16, 2009 to May 4, 2009. The Appeals Council denied review
10 of the ALJ's decision. AR 9-13. "[W]hen a claimant submits evidence for the first time to the
11 Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new
12 evidence is part of the administrative record, which the district court must consider in determining
13 whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of*
14 *Soc. Sec. Admin.*, 682 F.3d 1157, 1160-61 (9th Cir. 2012).

15 Considering the new evidence submitted to the Appeals Council, substantial evidence
16 supports the ALJ's decision and findings. Although the record contained a note from Licensed
17 Clinical Social Worker Weisberg (who is not an acceptable medical source), Plaintiff had no
18 longitudinal record of mental health care. AR 31. Although some of Plaintiff's treatment records
19 from 2007 included both a mental status examination and a physical examination, they revealed
20 normal results. AR 289-90, 300.

21 The new records include only two mental status examinations, conducted on February 23,
22 2009 and March 23, 2009, which do not include any functional limitations. AR 458-61. The
23 February 2009 treatment record notes that Plaintiff was alert times four, had no abnormal
24 movements, had normal motor activity, cooperative behavior, fair eye contact, and speech that was
25 spontaneous, coherent, and at a normal volume and rate, goal directed thought process, a mood that
26 was "not good," a constricted affect with depressive thoughts, and fair memory, concentration,
27 insight, judgment, and intact impulse control. AR 460-61. The treating psychiatrist prescribed
28 medication, recommended attending AA meetings, and encouraged Plaintiff to seek counseling to

increase his coping skills (Plaintiff reported thinking of his deceased mother).  AR 460-61.  The March 2009 examination was similar, except that Plaintiff was reported to have a "nervous" mood and to be anxious with "better" insight and judgment.  AR 458-59.  Plaintiff was prescribed medication, instructed on deep breathing and muscle relaxation, and directed to be compliant with his medication, to attend AA meetings, and to seek grief counseling.  AR 458-59. Plaintiff missed his April 2009 appointment, but reported that he was doing "ok."  AR 458.  In addition, Plaintiff has not alleged any mental functional limitations.

The records indicate minimal symptoms and report that Plaintiff had minimal psychiatric history, which included an onset of treatment for depression in 2004 as well as medication in 2005 and 2008.  AR 461.

Accordingly, substantial evidence supports the ALJ's finding that Plaintiff had no severe mental impairment, nor any related mental functional limitations.

## CONCLUSION

For the foregoing reasons, the Court finds that the final decision of the Commissioner is supported by substantial evidence and free of legal error.  Accordingly, Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: September 16, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-03715 HRL** Notice will be electronically mailed to:

Alex Gene Tse     alex.tse@usdoj.gov, kathy.terry@usdoj.gov, USACAN.SSA@usdoj.gov

James Hunt Miller     jameshuntmiller@gmail.com

Lynn M. Harada     Lynn.Harada@ssa.gov, ODAR.OAO.COURT.1@ssa.gov, sf.ogc.ndca@ssa.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**